UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE LYON,

      Plaintiff,

v.                                Case No. 8:26-cv-935-VMC-NHA

SM GALLIVAN, LLC,
and MICHAEL W. CARBONE,

      Defendants.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff initiated this negligence case arising from a car accident in state court. (Doc. # 1-1). Thereafter, on

1

April 1, 2026, Defendants removed the case to this Court based on diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in their notice of removal, Defendants relied upon a pre-suit demand letter for $250,000, and the details of damages outlined therein, including approximately $52,000 in past medical expenses. (Doc. # 1 at 8-9; Doc. # 1-11).

Upon review of the notice of removal, the Court was not persuaded that the amount-in-controversy requirement has been satisfied. (Doc. # 3). Specifically, the Court wrote:

> The Court is not convinced that the amount in controversy requirement has been met here. To establish that the amount in controversy exceeds $75,000, Defendants rely on a pre-suit demand letter for $250,000, and Plaintiff's past medical expenses. But demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010)(stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"). Rather, courts evaluate whether demand letters "reflect puffing and posturing" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). Here, the only concrete damages are past medical expenses of about $52,000 - far below the $75,000 threshold. And "damages based on future loss of income, future medical expenses, or pain and suffering are too speculative to include in the Court's [amount in controversy] calculation." Ulrich v. Progressive Express Ins. Co., No. 8:22-cv-2541-VMC-AAS, 2022 WL 17336183, at *2 (M.D. Fla. Nov. 30, 2022); see Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (excluding lost wages and pain and suffering damages from the amount in controversy calculation because the Court "would [] be required to engage in rank speculation to ascribe any monetary value to these damages"). The record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

(Id.).

Defendants have now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 5). However, Defendants still fail to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its new notice, Defendants merely reiterate the claimed damages in the demand letter, including the $52,000 in past medical expenses and the recommended future procedure of "surgical thermal destruction of the nerves." (Id. at 5-7).

The Court disagrees with Defendants' arguments. As the Court emphasized before, demand letters do not automatically establish the amount in controversy. See Lamb, 2010 WL 6790539, at *2 (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (citation omitted).

The Court determines that Plaintiff's demand for $250,000 reflects puffing and posturing. Plaintiff has only

4

incurred about $52,000 in medical expenses thus far. The remaining damages are hypothetical future medical expenses, such as the "surgical thermal destruction of nerves" for which Defendants have not provided an estimated cost, and future pain and suffering damages. As to the future medical procedure, it does not appear that Plaintiff has either scheduled or undergone the recommended procedure. For this reason, the Court does not credit the estimated cost of future medical expenses. See Pennington, 2019 WL 479473, at *2 (concluding that a recommended $110,000 surgery was "a hypothetical future medical expense" and "too speculative to include in the Court's jurisdictional discussion" because the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); see also Rodriguez v. Family Dollar, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding the case to state court where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were mere negotiation tactics).

Additionally, as the Court explained in its previous order, pain and suffering damages are too speculative to include in the amount in controversy calculation. "Courts

5

will not speculate as to the value of damages for pain and suffering." Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021); see also Johnson-Lang v. Fam. Dollar Stores of Fla., LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) ("Family Dollar Stores does not provide sufficient detail about Johnson-Lang's pain and suffering or the other unspecified damages she has allegedly experienced."); Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3 (M.D. Fla. Aug. 31, 2015) ("Plaintiff asserts that her damages consist of lost past wages and past medical expenses totaling $55,387.24, plus future medical expenses, plus pain and suffering. There is no information for the Court to estimate the amount of future medical expenses, and the Court will not engage in speculation regarding the value of her claim for pain and suffering.").

In short, the only concrete damages outlined in the record are approximately $52,000 in past medical expenses. This is far below the $75,000 minimum to establish jurisdiction. Defendants have not carried their burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it

lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE